**UNITED STATES**

v.

**Alvin B. JENKINS, 254 15 2422 Lance Corporal (E–3), U.S. Marine Corps.**

**No. NMCM 95 01802.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 18 Jan. 1995.

Decided 29 March 1996.

LT JOHN J. LUKE, JAGC, USNR, Appellate Defense Counsel.

LCDR N.B. JONES, JAGC, USN, Appellate Government Counsel.

Before DeCICCO, P.J., McLAUGHLIN and CLARK, JJ.

CLARK, Judge:

We have examined the record of trial, the assignments of error,[1] and the Government's response thereto, and we have concluded that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

Contrary to his pleas, the appellant was convicted by a military judge of numerous offenses involving blatant defiance of military authority, disorderliness, and communicating a threat to injure his company commander. The convening authority approved the adjudged sentence, which included confinement for 175 days, forfeiture of $550.00 pay per month for 6 months, reduction to pay grade E–1 and a bad-conduct discharge. The appellant asserts that there is insufficient evidence that he disobeyed a lawful command from his battalion commanding officer to dismiss himself from the office, and that the sentence is inappropriately severe. We find no merit in either assignment of error.

After the appellant had engaged in numerous acts of defiance of military authority, his battalion commander decided to refer the preferred charges to a special court-martial. The appellant was summoned to the battalion commander's office, in the presence of the battalion sergeant major, the appellant's company commander, his company first sergeant, and a gunnery sergeant. The battalion commander, a Marine lieutenant colonel, told the appellant that he was referring the appellant's case to a special court-martial. The appellant immediately broke the position of attention, leaned over the battalion commander's desk waving his hands and shouting, "Oh, you think I'm going crazy? You think I'm going to commit suicide? You think there's something wrong with me?" Recognizing that the situation was escalating out of control, the battalion commander dismissed the appellant, commanding him to leave the office. The appellant ignored the command. The battalion commander told the appellant three times to leave the office. The appellant continued to shout and wave his hands over the battalion commander's desk. The appellant ignored the sergeant major's command that he make a right face

---

1. I. THE GOVERNMENT HAS FAILED TO PROVE BEYOND A REASONABLE DOUBT APPELLANT'S GUILT AS TO SPECIFICATION ONE OF CHARGE TWO WHERE APPELLANT'S DELAY IN OBEYING THE ORDER TO DISMISS HIMSELF WAS OF INSUFFICIENT LENGTH TO CONSTITUTE DISOBEDIENCE.

II. APPELLANT'S SENTENCE IS INAPPROPRIATELY SEVERE BECAUSE THE NATURE AND SERIOUSNESS OF HIS OFFENSES DO NOT WARRANT THE IMPOSITION OF A BAD–CONDUCT DISCHARGE.

and get out of the room. The battalion commander told the gunnery sergeant to get the appellant out of his office. After telling the gunnery sergeant, "Gunny, don't put a fucking hand on me," the appellant "sort of turned" and left the office. The appellant's behavior resulted in his being charged with and convicted of a violation of Uniform Code of Military Justice [UCMJ], Article 90, 10 U.S.C. § 890.

 Although the appellant characterizes the offense as an allegation of orders violation, such a characterization lacks completeness. The appellant was convicted of willfully disobeying a lawful command. Although a command issued by a commander is a type of order, it involves a distinction which makes a difference. This difference is reflected in the maximum punishments for violations of Articles 90 and 92. A command which purports to serve as a basis for a violation of Article 90 must have been specifically directed to the subordinate charged. Manual for Courts–Martial, United States, 1984 [MCM], ¶ 14c(2)(b). If a command does not indicate the time within which it is to be complied with, either expressly or implicitly, a reasonable delay may precede compliance. MCM, ¶ 14c(2)(g). However, when a command requires immediate compliance, the reasonable-time standard for compliance does not apply. *United States v. McLaughlin,* 14 M.J. 908 (N.M.C.M.R.1982), *pet. denied,* 15 M.J. 405 (C.M.A.1983).[2] To constitute a violation of Article 90, the disobedience must be willful, i.e., an intentional defiance of authority. MCM, ¶ 14c(2)(f). These defining characteristics of violations of Article 90 are not necessarily characteristic of orders violations under Article 92.

 Considering the circumstances surrounding the offense, we find that the battalion commander's command to the appellant that he dismiss himself from the office implicitly required immediate compliance. If it were not reasonably apparent the first time, the immediacy of the need for compliance should have been obvious following the second command to dismiss. The defiant nature of the appellant's conduct indicated that he did not intend to comply and that he was blatantly refusing to comply. His grudging acquiescence after the third command, facing imminent physical removal, did not create a defense to his previous willful disobedience. This type of conduct falls within that which Article 90 is intended to prohibit in a disciplined military society. *See McLaughlin,* 14 M.J. at 911–12 (Discussion of "Discipline In a Military Environment"). The military judge could have reasonably inferred from the circumstances that the appellant was indicating his intent not to obey and was manifesting that intent through his conduct. We find no error in the military judge's findings as to this offense.

 We find that a sentence which includes a bad-conduct discharge is not inappropriately severe.

Accordingly, the findings and the sentence, as approved on review below, are affirmed.

Senior Judge DeCICCO and Senior Judge McLAUGHLIN concur.

---

**2.** In discussing the nature of military orders, Judge Byrne cites the *Guidebook for Marines* (14th Rev. ed. 1979). *McLaughlin,* 14 M.J. at 911. He also defines an order similarly to the definition appearing in the *Guidebook for Marines.* In that same reference we find some guidance in the following language: "In a broad sense, the terms 'order' and 'command' are synonymous. However, an order implies discretion as to the details of execution whereas a command does not." *Guidebook for Marines,* 493 (14th Rev. ed. 1979).